UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN J. BELLANT,

    Plaintiff,

v.    Case No. 16-11146

BARACK OBAMA, UNITED STATES,    HON. AVERN COHN
FBI JAMES COMEY, CIA JOHN O. BRENNAN,
And NSA MICHAEL ROGERS,
et al.,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

I.  Introduction

Plaintiff Justin J. Bellant, proceeding pro se, has filed a complaint naming "Barack Obama, United States, FBI James Coney, CIA John O. Brennan, and NSA Michael Rogers" as defendants. He says he is bringing a claim against all defendants for violations of the his civil rights and for defendants' commission of criminal acts. He seeks varied forms of injunctive relief and one hundred billion dollars in money damages.

Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed.

II. Legal Standard

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III. Discussion

The Court has read the complaint. It is virtually unintelligible. As best as can be gleaned, plaintiff alleges defendants violated his civil rights, the constitution, and several criminal laws stemming from alleged profiling by the FBI and CIA, electronic monitoring and harassment of plaintiff "via low frequency radio waves," and have improperly labeled him a "domestic terrorist."

The complaint must be dismissed for lack of jurisdiction and for failure to state a

claim.  Plaintiff cites 42 U.S.C. § 1983 as the basis for his claims.  In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1244 (6th Cir.1989).  The complaint does not allege that the actions of any defendant can be attributed to the state.  Accordingly, plaintiff cannot make out a § 1983 claim against any of the defendants.

Moreover, to the extent plaintiff relies on criminal statutes as a basis for his claims, criminal statutes do not provide plaintiff with a private cause of action.  See Kafele v. Frank & Wooldridge Co., 180 F. App'x 307, 308–09 (6th Cir.2004)

In addition, plaintiff's claims are factually frivolous.  His claims of profiling and electronic surveillance lack an arguable basis in law and fact.

## IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction and for failure to state a claim.  The Court also certifies that any appeal from this decision could not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2016
   Detroit, Michigan